IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

**LUCIEN RAY,**                                         Case Number 15 CV 906

      Petitioner,                                 Judge Jeffrey J. Helmick

      v.                                         Magistrate Judge James R. Knepp, II

**JASON BUNTING, WARDEN,**

      Respondent.                                 REPORT AND RECOMENDATION

### INTRODUCTION

On May 3, 2015, *pro se* Petitioner Lucien Ray ("Petitioner"), a prisoner in state custody, executed a petition under 28 U.S.C. § 2254 seeking a Writ of Habeas Corpus ("Petition"); filed in this Court on May 7, 2015. (Doc. 1). Now pending before the Court are Petitioner's Motion for Summary Judgment dated July 13, 2015 (Doc. 4), and Respondent Warden Jason Bunting's ("Respondent") Motion to Dismiss, with attached exhibits, dated August 20, 2015 (Doc. 5). Petitioner filed a Traverse[1] on September 23, 2015. (Doc. 6). This matter has been referred to the undersigned for a Report and Recommendation pursuant to Local Rule 72.2(b)(2). (Non-document entry dated July 2, 2015). For the reasons discussed below, the undersigned recommends the Court grant Respondent's Motion to Dismiss and deny Petitioner's Motion for Summary Judgment.

### FACTUAL BACKGROUND

For purposes of habeas corpus review of state court decisions, findings of fact made by a state court are presumed correct and can only be contravened if a habeas petitioner shows, by

---

1. Traverse is now termed a Reply. *See* Advisory Committee Notes (1976) to Rule 5 of Rules Governing Section 2254.

clear and convincing evidence, erroneous factual findings by the state court. § 2254(e)(1); *Moore v. Mitchell*, 708 F.3d 760, 775 (6th Cir. 2013); *Mitzel v. Tate*, 267 F.3d 524, 530 (6th Cir. 2001). This presumption of correctness applies to factual findings made by a state court of appeals based on the state trial court record. *Mitzel*, 267 F.3d at 530. In this case, Ohio's Ninth District Court of Appeals set forth the following findings of procedural history and fact:

> {¶2} In November 2011, [Petitioner] pleaded guilty to an amended indictment of aggravated vehicular assault, a second-degree felony in violation of R.C. 2903.08(A)(1)(a), and driving while under the influence, a first-degree misdemeanor in violation of R.C. 4511.19(A)(1)(g). One month later, the trial court sentenced [Petitioner] to eight years in prison on the aggravated vehicular assault count and six months on the driving while under the influence count, ordering that the terms be run concurrently.

> {¶3} [Petitioner] never filed a timely direct appeal of his conviction and sentence. In October 2013, [Petitioner] filed a motion to file a delayed appeal that was denied by this court.

> {¶4} On February 20, 2014, Ray filed a "motion to correct sentence," arguing that the "trial court erred by considering the necessary factors set forth in Ohio Revised Code 2929.11 and 2929.12." In his motion, [Petitioner] argued that the trial court considered inaccurate and irrelevant information in imposing a maximum sentence of eight years. Specifically, [Petitioner] contended that the presentence investigation report indicated that he was sentenced to eight years in prison in an underlying case, which the trial judge mentioned at sentencing, but that he actually only served two years in that case.

> {¶5} The state opposed [Petitioner]'s motion, arguing that the trial court lacked jurisdiction to alter a final judgment and that [Petitioner] failed to point to any statutory basis to modify or vacate the sentence. The state further argued that [Petitioner]'s motion had no merit as evidenced by the sentencing transcript.

> {¶6} The trial court subsequently denied [Petitioner]'s motion. From that order, [Petitioner] appeals, raising the following single assignment of error: "Trial court erred by not considering the necessary factors set forth in Ohio Revised Code 2929.11 and 2929.12."

(Doc. 5-1, Ex. 21 at 142-43).

## PROCEDURAL BACKGROUND

**State Court Conviction**

On August 31, 2011, the Cuyahoga County Court of Common Pleas Grand Jury indicted Petitioner on two counts of aggravated vehicular assault and one count of driving while under the influence. (Doc. 5-1, Ex. 1). The charges arose out of an incident in which Petitioner caused a traffic accident resulting in injury by driving the wrong way on a freeway. (Doc. 5-1, Ex. 30 at 198). On November 14, 2011, Petitioner, represented by counsel, retracted his plea of not guilty, and entered a plea of guilty to one count of aggravated vehicular assault and one count of driving while under the influence of alcohol. (Doc. 5-1, Ex. 3). The court sentenced Petitioner to an aggregate sentence of eight years in prison and Petitioner did not appeal; thus, the conviction became final 30 days later, on January 19, 2012. (Doc. 5-1, Ex. 4).

**Post-Conviction Proceedings**

On May 17, 2013, Petitioner, *pro se*, filed a motion to vacate his sentence due to cost assessed, with an attached memorandum in support of his motion. (Doc. 5-1, Ex. 5). The state filed a brief in opposition and Petitioner replied. (Doc. 5-1, Ex. 6, 7). The state court denied Petitioner's motion on June 12, 2013. (Doc. 5-1, Ex. 8). Petitioner next filed a Motion for Summary Judgment (Doc. 5-1, Ex. 9), which the Court denied as moot (Doc. 5-1, Ex. 10).

Petitioner failed to perfect a timely appeal to the court of appeals and instead filed a *pro se* motion to file a delayed appeal (Doc. 5-1, Ex. 11), which the court denied (Doc. 5-1, Ex. 12). Petitioner, *pro se*, then filed a motion to correct sentence. (Doc. 5-1, Ex. 13). Following review of the state's brief in opposition (Doc. 5-1, Ex. 14) and Petitioner's reply (Doc. 5-1, Ex. 15); the court denied the motion (Doc. 5-1, Ex. 16).

Petitioner, again *pro se*, filed a notice of appeal with the court of appeals with an attached merit brief asserting the trial court erred by failing to consider the necessary factors set forth in the Ohio Revised Code. (Doc. 5-1, Ex. 17, 18). The state filed a brief in opposition (Doc. 5-1, Ex. 19), and Petitioner replied (Doc. 5-1, Ex. 20). The court of appeals affirmed the judgment on October 23, 2014, rejecting Petitioner's assignment of error as *res judicata*, and alternatively, without merit. (Doc. 5-1, Ex. 21).

Petitioner, *pro se*, appealed this decision to The Supreme Court of Ohio with an attached memorandum in support. (Doc. 5-1, Ex. 22, 23). He raised two assignments of error: (1) the trial court erred by not considering the necessary factors set forth in the Ohio Revised Code, denying him of his right to due process and equal protection of law; and (2) the trial court failed to advise him of the right to appeal and the appeals court failed to recognize plain error. (Doc. 5-1, Ex. 23 at 156). The state filed a waiver of memorandum in response (Doc. 5-1, Ex. 24), and the court ultimately declined to accept jurisdiction (Doc. 5-1, Ex. 25).

**Petition for Habeas Corpus**

On May 7, 2015, Petitioner filed a Petition, under § 2254 for Writ of Habeas Corpus by a person in state custody. (Doc. 1). He asserted the following two grounds for relief:

> **Ground One:** Trial Court erred in failing to follow the mandatory mandates of Ohio Revised Code 2929.11 and 2929.12, denying Petitioner of his right to equal protection of the law and due process.
>
> **Ground Two:** Trial Court erred in failing to follow the mandatory mandates of Ohio Criminal Rule 32(B) denying Petitioner of his right to equal protection of the law and his right to due process.

(Doc. 1, at 4). Rather than briefly stating supporting facts for these grounds without citing cases or law, as the instructions direct, Petitioner attached a memorandum in support for each ground for relief, complete with cases and law. (Doc. 1, at 5-6, 9-14).

4

MOTION TO DISMISS

On August 20, 2015, Respondent moved to dismiss the Petition as time-barred. (Doc. 5). The Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), provides for a one-year period during which a prisoner in state custody may file a petition for habeas relief in federal court.

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

In Ohio, a defendant has 30 days to appeal from an order that is final upon its entry. Ohio App.R. 4(A)(1). When a defendant does not seek review within the 30 day period, the trial court judgment becomes final at the end of that period, and the statute of limitations begins to run the next day. Fed.R.Civ.P. 6(a)(1). The statute of limitations then expires one year later. Here, pursuant to section (A), the judgment entry became final upon the expiration of the time for seeking direct review of his conviction and sentence. Petitioner did not seek direct review of the sentencing entry dated December 20, 2012 (Doc. 5-1, Ex. 4); therefore, the conviction became

final 30 days later, on January 19, 2012. As a result, and absent any tolling, the AEDPA statute of limitations expired one year later, on January 20, 2013. Petitioner filed his Petition more than two years after the expiration date, on May 7, 2015.

**Statutory Tolling**

While the running of the limitations period may be tolled during the pendency of a "properly filed" application for state post-conviction relief or other collateral relief with respect to the pertinent judgment or claims under § 2254 (d)(2), *Artuz v. Bennett*, 531 U.S. 4, 8-9 (2000), this statutory tolling provision does not revive the limitations period, it can only serve to pause a clock that has not yet expired. *Searcy v. Carter*, 246 F.3d 515 (6th Cir. 2001). Once the limitations period is expired, state collateral review proceedings can no longer serve to avoid the statute of limitations bar. *Vroman v. Brigano*, 346 F.3d 598 (6th Cir. 2003); *Jurado v. Burt*, 337 F.3d 638, 641 (6th Cir. 2003).

Here, Petitioner did not file any collateral proceedings before January 20, 2013, the expiration of the AEDPA statute of limitations. He did file many collateral actions after this date, but these actions do not qualify to statutorily toll the running of the limitations period. (Doc. 5-1, Ex. 5, 11, 13, 17, 22). Absent any appropriate equitable tolling, therefore, the Petition is time-barred.

**Equitable Tolling**

Equitable tolling allows courts to review time-barred habeas petitions "provided that 'a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control.'" *Robinson v. Easterling*, 424 F. App'x 439, 442 (6th Cir. 2011) (quoting *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010)). To demonstrate entitlement to equitable tolling, a petitioner must establish: 1) he has diligently pursued his rights; and 2)

"that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010); *see also Robinson*, 424 F. App'x at 442 (explaining that prior to *Holland*, the Sixth Circuit used the five factors elicited in *Dunlap v. U.S.*, 250 F.3d 1001 (6th Cir. 2001) to determine equitable tolling under AEDPA). Equitable tolling, however, is rare, granted sparingly, and evaluated on a case-by-case basis. The petitioner retains the "ultimate burden of persuading the court that he or she is entitled to equitable tolling." *Ata v. Scutt*, 662 F.3d 736, 741 (6th Cir. 2011); *King v. Bell*, 378 F.3d 550, 553 (6th Cir. 2004).

Here, Petitioner did not initially argue for the application of equitable tolling. His first mention of equitable tolling is in his Response to Respondent's Motion to Dismiss. In this Response, however, Petitioner offers a variety of case law regarding his untimely appeals, but not reasons for filing an untimely Petition in this Court. The Petitioner, therefore, has not met his burden to persuade the Court that equitable tolling is appropriate here. Additionally, Petitioner did not assert actual innocence to the underlying charges as a justification, so tolling under this argument is not considered herein. Because the time for filing the Petition expired, and that time was not otherwise tolled, the undersigned recommends granting Respondent's Motion to Dismiss the Petition as time-barred.

### MOTION FOR SUMMARY JUDGMENT

The undersigned's recommendation of granting Respondent's Motion to Dismiss renders Petitioner's Motion for Summary Judgment moot. Even if the Motion to Dismiss were denied, however, the Petitioner's Motion for Summary Judgment should be denied as well. Petitioner incorrectly asserts summary judgment is appropriate because Respondent failed to respond to his Petition.

7

Under 28 U.S.C. § 2243, a court or judge "entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." The Sixth Circuit disapproves issuing a show-cause order until the district court has carefully examined the petition and determined whether it is sufficient on its face to state a cause of action. *Watmuff v. Perini*, 427 F.2d 527, 528 (6th Cir. 1970) (citing *Allen v. Perini*, 424 F.2d 134, 140 (6th Cir. 1970) (superseded on other grounds)).

Petitioner requests summary judgment because he asserts Respondent failed to timely respond to the Petition, but this is simply not the case. The Court, after examining the petition in accordance with Rule 4 of the Rules Governing § 2254 Proceedings, was unable to determine whether the Petitioner was entitled to relief. The Court, therefore, on July 8, 2015, ordered Respondent to file an answer to the Petition within 45 days. Petitioner filed the Motion for Summary Judgment on July 13, 2015, well before the Respondent's 45 day period had expired. Additionally, Respondent did in fact timely file a Motion to Dismiss the case on August 20, 2015. (Doc. 5).

Thus, it is not true Respondent failed to timely respond. Moreover, even if Respondent had failed to timely respond, this would not "afford a basis for instanter relief" and Petitioner would still be required to prove the merits of his case by competent evidence. *Allen*, 424 F.2d at 138. For these reasons, the Court should deny Petitioner's Motion for Summary Judgment.

Further, in his own Motion for Summary Judgment, Petitioner asserts "it is very clear that there *is* a genuine issue of material fact. . . ." (emphasis added) (Doc. 4, at 3). Pursuant to Civil Rule 56(a), summary judgment is appropriate where there is "no genuine issue as to any material

8

fact" and "the moving party is entitled to judgment as a matter of law." Thus, by the Petitioner's own assertion, his motion should be denied.

### CONCLUSION AND RECOMMENDATION

Following review, and for the reasons stated above, the undersigned recommends the Court grant Respondent's Motion to Dismiss and deny Petitioner's Motion for Summary Judgment as moot.


s/James R. Knepp II
United States Magistrate Judge


*ANY OBJECTIONS* to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of service of this notice. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. *See U.S. v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).