IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Lucien Ray,                                                    Case No. 1:15-cv-00906

               Petitioner,

      v.                                                        MEMORANDUM OPINION

Jason Bunting, Warden,

               Respondent.


On May 3, 2015, pro se Petitioner Lucien Ray executed a petition for a writ of habeas corpus with this Court pursuant to 28 U.S.C. § 2254.  (Doc. No. 1).  Ray then filed a motion for summary judgment on July 13, 2015.  (Doc. No. 4).  Respondent Warden Jason Bunting filed a motion to dismiss Ray's habeas petition as time-barred, (Doc. No. 5), to which Ray filed a response, (Doc. No. 6).  The matter was referred to Magistrate Judge James R. Knepp II for a Report and Recommendation ("R & R).  Magistrate Judge Knepp recommends I dismiss Ray's petition as barred by the statute of limitations and deny as moot Ray's motion for summary judgment.  (Doc. No. 7 at 1).  Ray timely filed objections to the R & R.  (Doc. No. 10).  For the reasons stated below, I overrule Ray's objections, adopt Magistrate Judge Knepp's R & R, grant Bunting's motion to dismiss Ray's habeas petition as time-barred, and dismiss Ray's motion for summary judgment as moot.

Ray objects only to the date from which the statute of limitations began to accrue and to Magistrate Judge Knepp's conclusion that he is not entitled to equitable tolling of the statute of limitations.  (Doc. No. 10).  Ray does not object to Magistrate Judge Knepp's conclusion that statutory tolling is not appropriate in this case or to his recommendation that Ray's motion for summary judgment be dismissed as moot.  As such, Ray has waived review of these portions of the R & R.  *Thomas v. Arn*, 474 U.S. 140, 149-53 (1985).

## STANDARD OF REVIEW

A district court must conduct a de novo review of "any part of the magistrate judge's disposition that has been properly objected to.  The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."  Fed. R. Civ. P. 72(b)(3).

## ANALYSIS

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides a one-year limitations period during which a prisoner in state custody may file a habeas petition.  28 U.S.C. § 2244(d)(1).  This one-year period runs from the latest of the following:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.*

Magistrate Judge Knepp addressed the timeliness of Ray's petition with respect to § 2244(d)(1)(A).  But in his response to Bunting's motion to dismiss, Ray argued that his petition was timely under § 2244(d)(1)(D).  (Doc. No. 6 at 4).  And Ray now objects to Magistrate Judge Knepp's determination of the date on which the trial court's judgment became final.  (Doc. No. 10 at 1).  Ray argues that because he was not notified of his right to appeal, the trial court's judgment should not have become final until Ray learned of that right.  (Doc. No. 10 at 1).  Because Ray is asking me to

start the clock on his one-year filing period on the date he learned of his right to appeal, I understand his objection to mean he is challenging Magistrate Judge Knepp's use of the starting date prescribed by § 2244(d)(1)(A) and is asking me to instead apply § 2244(d)(1)(D).

## 28 U.S.C. § 2244(d)(1)(D)

If § 2244(d)(1)(D) applies, the statute of limitations on Ray's habeas petition began running on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." Ray claims, in two separate filings relating to his current habeas petition, that he was not made aware of his right to appeal until October 23, 2014, (Doc. No. 6 at 4), or June 2, 2014, (Doc. No. 10 at 2). But Ray was made aware of his right to appeal, at the very latest, on May 31, 2013, when the State noted his failure to appeal in its brief in opposition to Ray's motion to vacate his sentence. (Doc. No. 5-1 at 34-35).

What Ray must show, however, is not simply that he was told of his right to appeal on a certain date. "[I]n order for § 2244(d)(1)(D) to apply to a habeas petition, a petitioner must show that he could not have discovered the factual predicate for his habeas claim earlier through the exercise of due diligence." *Bey v. Capello*, 525 Fed. App'x 405, 408 (2013) (citing *DiCenzi v. Rose*, 452 F.3d 465, 471 (6th Cir. 2006)).

Ray provides no evidence that he did anything to protect his rights following his sentencing, offering instead only a conclusory allegation that he did not learn of his right to appeal until 2014. He does not allege that he performed or attempted to perform any research or that he asked his lawyer about the possibility of appealing his sentence. Instead, Ray attempts to rely solely on the failure of the trial judge to inform him of his right to appeal.

Additionally, Ray was convicted and served time at least twice prior to this latest conviction, (Doc. No. 5-1 at 70-73), so it is unlikely that no judge or attorney had ever mentioned appellate rights to him. And even if that was the case, all it would have taken for Ray to learn of his right to

appeal would have been for him to ask a public defender.  *See DiCenzi*, 452 F.3d at 470.  Because Ray has failed to demonstrate that he exercised reasonable diligence in pursuing his rights, he is not entitled to a later start date to the limitations period under § 2244 (d)(1)(D).

**Equitable Tolling**

Because Ray is not entitled to a later start date, Ray's one-year period for filing a habeas petition began on January 20, 2012, the day after the trial court's judgment became final.  28 U.S.C. § 2244(d)(1)(A).  It ended one year later on January 20, 2013.  *Id.* Ray filed his habeas petition on May 7, 2015.  (Doc. No. 1).  Because Ray filed his petition after the time allowed for doing so and because it has already been established that statutory tolling does not apply, unless Ray's time can be equitably tolled, his petition is time-barred under 28 U.S.C. § 2244(d)(1)(A).

Ray is "entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."  *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotation marks omitted).  "[E]quitable tolling should be applied sparingly and decided on a case-by-case basis."  *Ata v. Scutt*, 662 F.3d 736, 741 (6th Cir. 2011).  Ray "bears the ultimate burden of persuading the court that he . . . is entitled to equitable tolling."  *Id.*

The extraordinary circumstance Ray alleges is that he was never informed of his right to appeal the trial court's judgment.  (Doc. Nos. 1 at 13; 6 at 4; 10 at 2).  Ray is correct that the trial judge failed to inform him of his right to appeal, as reflected in the transcript from Ray's sentencing. (Doc. No. 5-1 at 186-216).  While Ray has shown he was not timely informed by others of his right to appeal, Ray has failed to show he was "pursuing his rights diligently."  *See Holland*, 560 U.S. at 649.  As noted above, Ray spends a lot of time pointing to the failure of the trial judge to inform him of his right to appeal while giving me no explanation of his own efforts in pursuing his rights. Ray points to his untimely attempts to vacate his sentence, his subsequent attempts to appeal, and

his current petition for habeas relief as examples of his "due diligence."  (Doc. No. 10 at 4).  These may exhibit Ray's diligence in pursuing his rights now, but Ray offers no evidence of his efforts to protect his rights between the filing of the trial court's sentencing entry on December 20, 2011, and the filing of his first post-conviction motion on May 17, 2013.  As such, I find Ray did not act with "reasonable diligence" and is not entitled to equitable tolling.  *See Holland*, 560 U.S. at 653.  Ray's petition for habeas relief is therefore time-barred.

## CONCLUSION

Accordingly, I adopt the Magistrate Judge's R & R (Doc. No. 7), grant Bunting's motion to dismiss Ray's petition as time-barred (Doc. No. 5), and deny as moot Ray's motion for summary judgment (Doc. No. 4).  I also decline to issue a certificate of appealability, because Ray's claims are clearly barred by the statute of limitations.  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (holding that a certificate of appealability is not warranted when "a plain procedural bar is present" and disposes of the case).

So Ordered.

   s/Jeffrey J. Helmick
   United States District Judge